UNITED STATES DISTRICT COURT
SOUTHEER DISTRICT OF FLORIDA
PALM BEACH DIVISION

Civil Action Number:

ALEXANDER JOHNSON,

    *Plaintiff,*

v.

G6 HOSPITALITY PROPERTY, LLC
d/b/a Studio 6 Extended Stay,

    Defendant.

## COMPLAINT

Plaintiff ALEXANDER JOHNSON, by and through his undersigned counsel, hereby files this Complaint and sues Defendant G6 HOSPITALITY PROPERTY, LLC for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760 and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12182 and 28 C.F.R. §36.303(d)(2) and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the Southern District of Florida.

4. Remedies provided by Florida Statute §760 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. ALEXANDER JOHNSON (hereinafter referred to as "Plaintiff") was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensorineural hearing loss. The Plaintiff's disability is defined in 28 C.F.R. §36.104 (1)(iii); Plaintiff's hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statutes §§760.01(2), 760.02(6), and 760.02(11)(a).

6. Defendant G6 HOSPITALITY PROPERTY, LLC is a Delaware limited liability company doing business as a hotel known as Studio 6 Extended Stay and is authorized to conduct, and is conducting, business within the State of Florida as a foreign limited liability company and is doing business within the jurisdiction of this court.

## FACTS

7. At all times material hereto, the Defendant G6 HOSPITALITY PROPERTY, LLC (also referenced as "Defendant") was (and is) an entity owning and operating a chain of motels under the Studio 6 Extended Stay Hotel franchise (and brand) which are open to the general public. Each of the Defendant's Studio 6 Extended Stay franchise hotels is open to the general public as a public lodging facility.

8. As the owner of a public lodging facility, the Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant G6 HOSPITALITY PROPERTY, LLC is a private entity which owns, leases, leases to others, or operates an inn, hotel, motel, or other place of lodging; 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

9. As an operator and manager of a hotel, the Defendant is subjected to Chapter 760, specifically, Florida Statutes §760.01(2) (regarding discrimination), §760.02(11)(a) (as "any inn, hotel, motel or other establishment which provides lodging to transient guests").

10. The Defendant's hotel (which the Plaintiff visited) is the subject of this instant action and is referred throughout as: "hotel," "Studio 6 Extended Stay," "Public Lodging Establishment," or "Place of Public Accommodation."

11. The Defendant's hotel has 138 rooms which accommodate transient guests (which are the general public) on a year-round basis.

12. On July 10, 2015, while on holiday to the Palm Beach area, the Plaintiff desired and attempted to procure lodging in a hotel room to rent for his stay. The Plaintiff entered the Defendant's hotel located at 1535 Centrepark Drive North, West Palm Beach, Florida 33401 and attempted to check-in to (rent) a room therein.

13. While proceeding through the check-in process to obtain a hotel room, the Plaintiff requested that Defendant provide him with a TTY device[1] for use with the

---

[1] Hereinafter, "TTY device(s)." TTY is short for "TeleTYpewriter." The 2010 ADA revisions changed the wording from "TDD" to "TTY." TDD means "Telecommunications Device for the Deaf." TTY is now the preferred ADA word because some people who are not deaf who have speech impairments also use TTYs

3

telephone in the room, which is required to be provided to guests of public lodging establishments who have speech and/or hearing disabilities. Such TTY devices allow guests of the establishment with speech or hearing disabilities access to the hotel facility's telephone service so that the guests can effectively communicate, amongst others, with "911" emergency services, the front desk, or to call local take-out food establishments to order food delivery (this hotel has no room service).

14. The staff at the Defendant's Studio 6 Extended Stay hotel was unable to honor the Plaintiff's request and stated that they could not provide the TTY device the Plaintiff had requested. Such failure of provision of the statutorily required TTY device was tantamount to refusal to do so.

15. Furthermore, the Defendant's hotel did not have the TTY service logo[2] displayed at the check-in desk as required for all public lodging establishments.

16. By failing to provide the TTY device as required by the ADA at the Defendant's Public Lodging Establishment, the Plaintiff suffered discrimination as a result of being denied full and equal access to, and full and equal enjoyment of the services at Defendant's hotel, which is a place of public accommodation.

17. The Plaintiff left the Defendant's hotel feeling frustrated and disappointed, without renting a room as he had intended because the Defendant failed to provide him with a TTY device for use with the telephone (service) in the hotel room which the

---

so a change in name from TDD to TTY, although some people still use "TDD" or "TTY/TDD." See
http://www.ada.gov/hotelcombr.htm

[2] 

Defendant intended to rent to the Plaintiff.  The TTY device should have been made available to the Plaintiff upon request as required by the Defendant.

18.     The Defendant is a franchise operator under the Studio 6 Extended Stay brand which is a nationwide chain of hotels.  On information and belief, the Defendant has received from the franchise division of Studio 6 Extended Stay information regarding the necessity of compliance with the ADA's requirements for TTY devices to be readily available to guests with hearing and/or speech disabilities.  The Defendant has failed and refused to follow the guidelines and requirements for the provision of TTY devices for its patrons, the general public in accordance with the ADA.

19.     On information and belief, the Defendant is well aware of the ADA laws and requirements that places of lodging (such as its hotel) have TTY devices available to their patrons which are the general public, which includes individuals with hearing disabilities.  Therefore, the Defendant's failure to reasonably accommodate the hearing disabled by providing TTY devices is willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.303(d)(2).

20.     This discrimination has resulted in the Plaintiff being denied full and equal access at the Defendant's hotel, which is a place of public accommodation, and which therefore is the subject of this lawsuit. See, Exhibit "A" for verification of visit to the Defendant's hotel.

21.     As a result of the Defendant's discrimination, the Plaintiff suffered loss of time, dignity, mental anguish and other tangible injuries.

22.     The Plaintiff has long been a vacation traveler and a customer of lodging facilities.  The Plaintiff often travels throughout Florida and continues to desire to return

to the Palm Beach area and to rent a hotel room at the Defendant's hotel, but Plaintiff continues to be injured in that he is concerned that he will again be discriminated against by the failure of the Defendants' hotel to provide TTY devices in violation of the ADA and state statutes.

23. The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

24. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 23 above.

25. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for over 25 years.

26. The Hearing Loss Association of America reports that approximately 36 million American adults report some degree of hearing loss. Approximately 1 million Americans are functionally deaf.

27. According to Sergei Kochkin PHD, past director to the Better Hearing Institute, "[T]he prevalence of hearing loss in the United States is predicted to rise significantly because of an aging population and the growing use of personal listening devices. Indeed, there is concern that we may be facing an epidemic of hearing impairment."

28.     Many people with hearing loss utilize TTY or TDD[3] (Telecommunication Device for the Deaf) devices.

29.     TTY devices are essential for people with hearing and/or speech disabilities so that they can use and accesses the telephone services provided to guests of lodging establishments. TTY devices are used just like anyone else uses a telephone; to call 911 services in the event of an emergency, to call the front desk, to make phone calls to other TTY users or non-TTY users via Florida Relay Service, and/or to call local take-out food establishments to order food delivery (this hotel has no room service). Therefore, the TTY device is an essential device which must be provided by Defendant G6 HOSPITALITY PROPERTY, LLC so that individuals with hearing and/or speech disabilities (such as the Plaintiff) can utilize the telephone service (which is provided to all guests) at the Defendant's place of public accommodation.

30.     Plaintiff's hearing impairment limits major life activities including his ability to hear. Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", §§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, etc. seq.

31.     Public Accommodations such as G6 HOSPITALITY PROPERTY, LLC are required to provide full and equal enjoyment of their services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C.§12181(7)(A), §12182(a); 28 C.F.R. §36.203(a). Specifically, the Public Accommodation must:

   a)     Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities,

---

[3] TTY and TDD are referenced as "TTY" and the devices are referenced as "TTY devices," see footnote 1.

privileges, advantages or accommodations. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a);

b) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12181(9), §§12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.303(a);

c) Ensure that its facilities have the appropriate equipment such that the facilities can provide auxiliary aids for the hearing disabled. 42 U.S.C. §12182; 28 C.F.R. §§36.303(b)(1), 36.303(d)(2).

32. The Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

a) Failed to maintain policies and procedures to ensure compliance with 42 U.S.C. §12182(a); 28 C.F.R. §36.303(a); specifically failed to provide auxiliary aids and services for patrons who are deaf or hard of hearing.

b) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §§12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.303(a).

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require the Defendant to

assure that its hotel, which is a place of public accommodation (public lodging establishment), provide full and equal enjoyment of its services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(9), §12182(a); 28 C.F.R. §36.201(a).

34.   The Court is vested with the authority to require the Defendant to assure that its public lodging establishment (a place of public accommodation) to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford services, facilities, privileges, advantages, or accommodations to people with disabilities. 42 U.S.C. §12181(9), §12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.302(a)

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendant G6 HOSPITALITY PROPERTY, LLC including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. This includes entry of a permanent injunction ordering the Defendant G6 HOSPITALITY PROPERTY, LLC:

    a)   To cease discrimination against the Plaintiff and other disabled persons;

    b)   To assure that Defendant's hotel (a place of public accommodation) provide full and equal enjoyment of its services, facilities, privileges,

advantages and accommodations in the most integrated setting appropriate to people with disabilities;

c) To furnish appropriate auxiliary aids and services including TTY devices for patrons who are deaf or hard of hearing such that a sufficient number of TTY devices are available at the front desk upon request and there be a sufficient number of lodging rooms to accommodate individuals with hearing or speaking disabilities;

d) To ensure an accurate and reliable reservation system which is equipped to accommodate individuals with hearing or speaking disabilities such that they will be able to reserve rooms through the hotel reservations system;

e) To provide signage clearly visible at the front door, at the reservation/check-in counter of Defendant's hotel, and on the reservation website (if any) stating that "TTY devices available on request" and clearly displaying the TTY logo[4] in order to ensure compliance by Defendant's representatives and to ensure that individuals who are hearing disabled are aware of the availability of the TTY devices;

f) To promulgate and comply with policies and procedures to ensure that the Defendant and its representatives at its hotel are aware of the TTY devices such that they are able to accommodate individuals who are hearing impaired and require use of TTY devices;

---

[4] 

10

    g)    Maintain the TTY devices such that they are accessible, useable, and in good working condition;

    h)    Award reasonable costs and attorney's fees; and

    i)    Award any and all other relief that may be necessary and appropriate.

### COUNT II - VIOLATION OF FLORIDA STATUTE §760

35. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 23 above.

36. Defendant has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of goods, services, facilities, privileges, and advantages of any public accommodation, without discrimination or segregation on the ground of handicap.

37. The violations of Florida law were deliberate and knowing.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief against the Defendant G6 HOSPITALITY PROPERTY, LLC (including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest) and for the following injunctive relief and declaratory relief:

    a)    A declaration that the policies and procedures of the Defendant violated Florida Statute §760 in that the Defendant failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b) An Order mandating that the Defendant furnish appropriate TTY devices for guests/patrons who are deaf or hard of hearing upon request at its hotel;

c) An Order to require signage clearly visible at the front door, at the reservation/check-in counter of the Defendant's hotel, and on the reservation website (if any) stating that "TTY devices available on request" and clearly displaying the TTY logo[5] in order to ensure compliance by the Defendant's representatives and to ensure that individuals who are hearing disabled are aware of the availability of the TTY devices;

d) Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 22nd of January, 2016,

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

---

[5] 

UNITED STATES DISTRICT COURT
SOUTHEER DISTRICT OF FLORIDA
PALM BEACH DIVISION

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,

v.

G6 HOSPITALITY PROPERTY, LLC
d/b/a Studio 6 Extended Stay,

    Defendant.

---

### VERIFICATION OF COMPLAINT

Plaintiff, Alexander Johnson, declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: _1-20-16_           _____
                                                           Alexander Johnson

**EXHIBIT "A"**